# LATHROP
# GAGE

JOHN T. WALSH
(314) 613-2562
EMAIL: JWALSH@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

10 SOUTH BROADWAY
SUITE 1300
ST. LOUIS, MISSOURI 63102-1708
(314) 613-2500, FAX (314) 613-2550

November 15, 2007

Honorable Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   **Gateway, Inc., and Gateway Companies, Inc., v. ACS Commercial Solutions, Inc.**
      **Cause No. 1:07-CV-06732 (CM)**

Dear Judge McMahon:

This letter is in response to your request that the parties report the status of this case and their settlement efforts by November 15, 2007.

In summary, since our last request, the parties have worked diligently towards settlement, but have not yet been successful. The principal impediments to settlement have been the large volume of data, the fact that most people involved in the transactions in question no longer work for ACS or Gateway, and the fact that ACS has needed to familiarize itself with a complex fact pattern.

The original plan of the parties was for a face to face meeting, but as the parties explored the details of the dispute, this meeting was replaced by an exchange of information and a series of telephone calls including a conference call with all parties and technical advisors. The parties now believe they understand the steps necessary to determine whether ACS properly or improperly paid the claims in question, but require additional information and time work through the process.

STLDOCS 210141v1

Change Your Expectations™

KANSAS CITY • OVERLAND PARK • ST. LOUIS • JEFFERSON CITY • SPRINGFIELD • BOULDER • WASHINGTON D.C.

November 15, 2007
Page 2

Moving forward the parties would like the court to enter a limited scheduling order to facilitate an additional exchange of information necessary to evaluate the claims and allow the parties to take depositions necessary to understand the information exchanged. Settlement talks would proceed during this process. At the conclusion of this phase, the parties will be ready for mediation if unaided settlement discussions have not been successful. If unaided settlement talks and mediation are unsuccessful, the parties expect the court to enter a new scheduling order scheduling the remaining steps necessary to prepare for trial and setting a trial date.

To put the parties' request in context, following is a synopsis of the dispute. Gateway was and is a manufacturer and seller of computers and associated equipment. ACS was and is in the business of business process outsourcing and information technology outsourcing. Gateway contracted with ACS to provide a variety of office services including human resources and administration of Gateway's employee benefits including Gateway's health plan. ACS administered Gateway's health plan for 8 months (April – December 2004). After ACS's administration ended Gateway audited ACS's work as permitted by the contract. Gateway contends that the audit revealed in excess of $2 million in overpayments. The basic data relating to the payments is contained in a "spreadsheet" 143,000 lines long. Gateway's auditor's database of just the alleged errors is nearly 320 MB. Additionally, ACS maintains a large database of computer images of all the claims submitted by the healthcare providers and other documents associated with paying the claims. As an example of the tasks confronted by the parties, one portion of the disputes involves employee eligibility for benefits. Sorting out this dispute will require comparison of several large spreadsheets to determine which one(s) has/have the correct data.

The parties are willing to travel to New York for a scheduling conference or will participate by telephone according to the court's desire. The parties can provide the court with a draft scheduling order setting out their proposed plan in detail. In general, however, the parties propose that the general exchange of information required by Rule 26 as augmented by the parties discussion be completed by January 31, 2008 and that all depositions desired prior to mediation be completed by March 14, 2008 and that mediation, if necessary be completed by April 30, 2008. ACS would be allowed until January 31, 2008 to answer Gateway's complaint. Expert discovery, additional fact witness discovery, and follow-up document discovery (if necessary) could take place by September 30, 2008 and this case could be ready for trial by early 2009, approximately 18 months or less from filing.

STLDOCS 210141v1

November 15, 2007
Page 3

    Counsel for ACS has reviewed this letter and agrees with its contents.

    Thank you for allowing us a somewhat unorthodox approach up to this point. If you have any additional questions please let us know and we will do our best to answer them.

    Very truly yours,

    LATHROP & GAGE L.C.

    By: *[signature]*
    John T. Walsh

JTW:arg

cc:   Michael Wagner
      Corporate Counsel
      Gateway, Inc.

      John Willett
      Senior Corporate Counsel
      ACS

STLDOCS 210141v1