UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

GATEWAY, INC., and GATEWAY
COMPANIES, INC.,

           Plaintiff,

vs.

ACS COMMERCIAL SOLUTIONS, INC.,

           Defendant.

------------------------------------------------

1:07-CV-06732 (CM)
ECF CASE

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
STATE LAW CLAIMS AND MOTION TO STRIKE JURY DEMAND**

TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………..ii

TABLE OF AUTHORITIES…………………………………………………………iii

I.  Gateway's State Law Claims Are Not Necessarily Preempted………………..2

II. Pleading in the Alternative is Appropriate Under the Federal Rules……….…..4

III. Gateway's demand for jury trial should survive with the State law claims……….5

CONCLUSION………………………………………………………………………..5

## TABLE OF AUTHORITIES

**CASES**                                       **PAGE**

Aetna Life Ins. Co. v. Borges,
869 F.2d 142 (2d Cir. 1989)..................................................................................3

Board of Trustees, Teamsters Local 918 Pension Fund v. Freeburg & Freeburg,
98 Civ. 4895 (SJ), 1999 WL 803895 (E.D.N.Y. 1999)...........................................3

Carpenters' Local Union No. 964 Pension Fund v. Silverman,
No. 93 Civ. 8787 (RPP), 1995 WL 378539 (S.D.N.Y. 1995)................................3

Henry v. Daytop Village, Inc.,
42 F.3d 89 (2nd Cir. 1994).....................................................................................4

Ingersoll-Rand Co. v. McClendon,...........................................................................2
498 U.S. 133 (1990)

Isaacs v. Group Health, Inc.,
668 F.Supp. 306 (S.D.N.Y. 1987).........................................................................3

Liss v. Smith,
991 F.Supp. 278 (S.D.N.Y. 1998).........................................................................3

Maalouf v. Salomon Smith Barney, Inc.,
2003 WL 1858153 (S.D.N.Y. 2003).....................................................................5

Mackey v. Lanier Collection Agency & Serv.,
486 U.S. 825 (1988)..............................................................................................2

New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,
514 U.S. 645 (1995)..............................................................................................2

Pedre Co., Inc. v. Robins,
901 F.Supp. 660 (S.D.N.Y. 1995)................................................................1, 3-4, 5

Rebaldo v. Cuomo,
749 F.2d 133 (2d Cir. 1984)..................................................................................3

Riverwoods Chappaqua Corp. v. Marine Midland Bank,
30 F.3d 339 (2d Cir. 1994)....................................................................................4

Schiffli Embroidery Works Pension Fund v. Ryan Beck and Company,
869 F.Supp. 278 (D.N.J. 1994)..............................................................................3

Shaw v. Delta Air Lines,………………………………………………………………2
463 U.S. 85 (1983)

Thrift Drug v. Universal Prescription Adm'rs,
131 F.3d 95 (2nd Cir. 1997)……………………………………………………...2, 3

**STATUTES**

29 U.S.C. § 1001…………………………………………………………..*passim*

F.R.C.P 8(e)(2)…………………………………………………………..*passim*

NYDOCS 56369v1

Defendant ACS Commercial Solutions, Inc. ("ACS") contracted to perform a variety of business services for Plaintiff Gateways (Gateway, Inc. and Gateway Companies, Inc., collectively referred to as "Gateway") including administration of Gateway's health and dental employee benefit plans. Gateway sues claiming ACS failed to perform this administration as required by the contract, and seeks over $2 million in damages for the breach. If ACS was a fiduciary as defined by the Employee Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, then this case is governed by ERISA as ACS suggests. If, however, ACS was not a fiduciary, then ERISA may not apply to this action. See, Pedre Co., Inc. v. Robins, 901 F.Supp. 660 (S.D.N.Y. 1995).

ACS clearly articulates that it does not admit it is a fiduciary (See Footnote 1 to the ACS Memorandum in Support of the Motion to Dismiss, Doc #17). Accordingly, Gateway is entitled to plead in the alternative under Federal Rule of Civil Procedure 8(e)(2) to address the two possible scenarios; ACS is a fiduciary and this is an ERISA action and ACS is not a fiduciary and this case is not covered by ERISA.

Gateway is in the business of manufacturing, distributing and selling computers and associated electronics. As an employer, Gateway is the sponsor of the Gateway Health Plan, an ERISA covered, self-funded health, dental and vision employment benefit plan (the "Plan). On September 30, 2003, Gateway and ACS entered into a business process and information technology services agreement ("Master Agreement"). The Master Agreement called for ACS to act as the plan administrator for the Plan. ACS provided these services from April 1, 2004 until December 31, 2005. No dispute as to the validity of the contract is raised in the ACS Motion.

Gateway asserts three counts in the complaint, all of which relate to ACS's administration of the benefits under the plan. In its Complaint, Gateway alleges that the company, the plan

1

participants and the beneficiaries were damaged as a result of ACS's conduct in administrating benefits under the plan. Count I is a state law breach of contract claim. Count II is a state law tort claim (Counts I and II shall be referred to as the "State Law Claims"). Count III is a breach of fiduciary duty under ERISA.

**I.      Gateway's State Law Claims Are Not Necessarily Preempted**

The ACS motion to dismiss is based on the notion that every case which involves an ERISA plan is governed by ERISA and its regulations. (See Memorandum in Support, page 5). Even the Supreme Court of the United States has found that ERISA does not preempt all state law claims simply because an ERISA plan is implicated. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139-40 (1990). See also, Shaw v. Delta Air Lines, 463 U.S. 85 (1983) which acknowledged that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw, at 100. The conclusion thus, is that ERISA does not preempt a generally applicable statute simply because the pleadings reference an ERISA covered plan.

In fact, Federal preemption under ERISA was not intended to supplant State law or preclude civil litigation in resolving traditional contract and tort disputes, New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 657 (1995); Mackey v. Lanier Collection Agency & Serv., 486 U.S. 825, 833 (1988). The Second Circuit has held that the preemption does not apply to commonplace commercial disputes between the plan and its service providers or its own employees Thrift Drug v. Universal Prescription Adm'rs, 131 F.3d 95, 98 (2nd Cir. 1997).

The Second Circuit has also noted that as "a matter of common sense" it is inappropriate to interpret ERISA as preempting state statutes whose effect on pension plans is tangential and

2

remote. See Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 145 (2d Cir. 1989) citing Rebaldo v. Cuomo, 749 F.2d 133, 138 (2d Cir. 1984), which noted that "ERISA plan members and managers are bound to engage in myriad transactions that Congress never considered" and unrelated to an ERISA plan. Id. Indeed, the case law is full of examples where state law claims against non-fiduciaries such as actuaries, accountants, lawyers, and financial managers are not preempted.[1]

"ERISA's preemptive reach is defined by the scope of the relationships regulated by the statutory structure and the duties to which those relationships give rise." Schiffli Embroidery Works Pension Fund v. Ryan Beck and Company, 869 F.Supp. 278 (D.N.J. 1994). In essence, if both parties to a suit have ERISA defined roles such as fiduciary, sponsor, participant, or beneficiary, the action will nearly always be governed by ERISA. If not, then the action will usually not be governed by, or preempted by ERISA.

For example, in Thrift Drug v. Universal Prescription Adm'rs, 131 F.3d 95, 98 (2d Cir. 1997) the court held that the Thrift Drug sought reimbursement from the plan for the prescriptions it dispensed. Because Thrift Drug sued on its own behalf, the state law contract claim did not touch upon the relationship between the plan and its beneficiaries and was therefore not preempted by ERISA, even though the plan, was a party, and the declination of benefits was at issue.

---

[1] Board of Trustees, Teamsters Local 918 Pension Fund v. Freeburg & Freeburg, 98 Civ. 4895(SJ), 1999 WL 803895, at *4 (E.D.N.Y. Sept. 28, 1999) (state law malpractice claims against nonfiduciary plan accountants, held, not preempted); Liss v. Smith, 991 F.Supp. 278, 308 (S.D.N.Y. 1998) (state law legal malpractice claim, held, not preempted); Carpenters' Local Union No. 964 Pension Fund v. Silverman, No. 93 Civ. 8787(RPP), 1995 WL 378539, at *5 (S.D.N.Y. June 26, 1995) (state law malpractice and breach of contract claims against plan lawyers, held, not preempted); Isaacs v. Group Health, Inc., 668 F.Supp. 306, 313 (S.D.N.Y. 1987) (breach of contract and negligence claim against plan actuary, held, not preempted); Pedre

3

In this case, there is no evidence regarding whether defendants are fiduciaries. As a result, dismissal of the alternative theories is premature. <u>Pedre Co., Inc. v. Robins</u>, 901 F.Supp. 660, 666 (S.D.N.Y. 1995). If ACS is a fiduciary, Gateway will plead their injuries under ERISA. If ACS is not a fiduciary, Gateway will not have an ERISA claim, and will proceed at common law.

**II.     Pleading in the Alternative is Appropriate Under the Federal Rules**

The ERISA claim and State Law Claims are pled in the alternative. It is generally accepted that in light of the liberal pleading policy embodied in Rule 8(e)(2) a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case. <u>Henry v. Daytop Village, Inc.</u>, 42 F.3d 89, 95 (2nd Cir. 1994).

Should ACS wish to concede they are a fiduciary, or prove, that the case is covered by ERISA, they are at liberty to do so. Until that determination has been made, however, the Federal Rules of Civil Procedure clearly contemplate pleading alternative theories, at the onset of litigation.

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

Federal Rules of Civil Procedure 8(e)(2).

Under Rule 8(e)(2), a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency. <u>Riverwoods Chappaqua Corp. v. Marine Midland Bank</u>, 30 F.3d 339, 343 (2d Cir. 1994) ("[A] party may properly submit a case on alternative

---

<u>Co., Inc. v. Robins</u>, 901 F.Supp. 660, 666 (S.D.N.Y. 1995) (state law claims for malpractice,

4

theories."). The fact that a party can only recover under one of the theories pled does not preclude pleading in the alternative. Maalouf v. Salomon Smith Barney, Inc., 2003 WL 1858153 S.D.N.Y., 2003.

ACS seeks, by its motion, to deny Gateway that which it is provided under the rule. Interestingly, ACS has not argued that it will suffer any prejudice or be otherwise handicapped by the survival of the State Law Claims. Because at this early stage of the litigation it is impossible for the Court to make a determination of which of the alternate theories should prevail, the motion to dismiss should be denied.

To the extent that defendants are fiduciaries, ERISA preempts the State Law Claims. To the extent that defendants are not fiduciaries, the State Law Claims may survive preemption. The State Law Claims, pled in the alternative, should survive preemption for the purposes of this motion. Pedre Co., Inc. v. Robins, 901 F.Supp. 660, 666 (S.D.N.Y. 1995).

### III.  Gateway's demand for jury trial should survive with the State law claims

Gateway has properly pleaded the State Law Claims. Those claims are entitled to trial by jury. Until such time that ACS either proves or concedes that this case is wholly governed by ERISA, the request for jury trial is appropriate and should not be stricken.

## CONCLUSION

Either ACS breached its fiduciary duty to Gateway and this breach is covered by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* or the contract is not covered by ERISA and ACS is responsible for damages under conventional breach of contract and tort claims. Consistent with Federal Rule of Civil Procedure 8(e)(2), Gateway pled its complaint with alternate theories of liability. Until ACS admits that it is a

---

fraud, breach of contract and conspiracy against plan accountants, held, not preempted).

5

fiduciary to the Gateway Health Plan or a determination is made as to the application of ERISA to the claim raised by Gateway, the State law claims are appropriate under Federal Rule of Civil Procedure 8(e)(2) and should not be dismissed. To the extent that the State Law Claims remain part of the case, Gateway is entitled to a trial by jury so that the Motion to Strike should also be denied.

Dated: February 14, 2008

Respectfully submitted,

/s/ Thomas H. Curtin
Thomas H. Curtin (TC-5753)
Bernadette M. Reilly (BM-4117)
Lathrop & Gage L.C.
230 Park Avenue, Suite 1847
New York, NY  10169
Telephone:  (212) 850-6220
Telecopier:   (212) 850-6221
*tcurtin@lathropgage.com*
*breilly@lathropgage.com*


John T. Walsh
*Admitted pro hac vice*
Scott J. Dickenson
*Admitted pro hac vice*
Lathrop & Gage L.C.
10 South Broadway
Suite 1300
St. Louis, MO  63102-1708
(314) 613-2500 - Telephone
(314) 613-2550 - Facsimile
*jwalsh@lathropgage.com*
*sdickenson@lathropgage.com*

**Attorneys for Plaintiff**

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2008, the foregoing was served by operation of the Court's electronic filing system upon the following:

Kevin J. Pflug (KP – 2416)
Proskauer Rose LLP
One Newark Center – 18th Floor
Newark, NJ  07102-5211
Telephone: (973) 274-3200
Facsimile:  (973) 274-3299
*hshapiro@proskauer.com*

and

Howard Shapiro
Michael D. Spencer
Proskauer Rose LLP
909 Poydras Street, Suite 1100
New Orleans, LA  70112-4017
Telephone: (504) 310-4088
Facsimile: (504) 310-2022
*mspencer@proskauer.com*

**Attorneys for Defendant**


                                          /s/ Thomas H. Curtin
                                       An Attorney for Plaintiff