UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

GATEWAY, INC. and GATEWAY
COMPANIES, INC.,

                      Plaintiff,                1:07cv6732 (CM)
                                                      ECF Case

vs.

ACS COMMERCIAL SOLUTIONS, INC.

                      Defendant.

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS
AND MOTION TO STRIKE PLAINTIFFS' JURY DEMAND**

## TABLE OF CONTENTS

I. Introduction ...................................................................**Error! Bookmark not defined.**

II. ACS's ERISA Fiduciary Status is Not Dispositive of the Preemption Issue..................1

III. Alternative Pleading Does Not Foreclose Preemption of Gateway's State Law Claims3

IV. Gateway's Demand for Jury Trial Should Be Stricken..................................................4

V. Conclusion .....................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Tappe v. Alliance Capital Mgmt. L.P.*,
    177 F. Supp.2d 176, 188 (S.D.N.Y. 2001)..................................................................3,4

*Thrift Drug v. Universal Prescription Adm'rs*,
    131 F. 3d 95 (2d Cir. 1997)..............................................................................................2

*Toussaint v. JJ Weiser & Co.*,
    2005 WL 356834 (S.D.N.Y. Feb 13, 2005)......................................................................1

*Wilmington Shipping Co. v. New England Life Ins. Co.*,
    496 F.3d 326, 343 (4th Cir. 2007)....................................................................................2

STATUTES

29 U.S.C. § 1001, *et seq*...........................................................................................................1

Fed.R.Civ.P. 8(e)(2)..............................................................................................................1,3

I.  **Introduction.**

In opposing ACS's motion to dismiss, Gateway argues that its state law tort and contract claims are not preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*, because (1) ACS does not admit that it is an ERISA fiduciary and (2) Gateway is entitled to plead alternative theories of relief pursuant to Rule 8(e)(2) of the Federal Rules of Civil Procedure ("FRCP"). (Plaintiff's Response ("Response'), at p. 1.) Gateway's arguments are meritless and ACS's motion should be granted. First, an admission by ACS that it is an ERISA fiduciary for purposes of this relationship, is not as a general legal principle, singularly dispositive of the issue of whether Gateway's state law claims are preempted. Nonetheless, and solely for the purposes of this litigation, ACS concedes that it was an ERISA fiduciary to the Gateway Health Plan ("Plan") for administration of benefits under the Plan. Second, simply because Gateway has pled alternative state law claims does not mean that their alternative claims are not preempted completely by ERISA. As more fully demonstrated herein, Gateway's state law claims are preempted and ACS's motion to dismiss and motion to strike should be granted in their entirety.

II. **ACS's ERISA Fiduciary Status is Not Dispositive of the Preemption Issue.**

Gateway's primary argument in opposition to ACS's motion to dismiss is that its state law claims are not preempted by ERISA because ACS has not admitted that it was a fiduciary to the Plan. (Response, at p. 1.) This is a specious argument because ACS is not required to admit that it was an ERISA fiduciary in order for this Court to find that Gateway's state law claims are preempted by ERISA. *See, e.g., Toussaint v. JJ Weiser & Co.*, 2005 WL 356834 *1, *8 (S.D.N.Y. Feb 13, 2005) (finding that defendants, over

1

their objections, were deemed to be fiduciaries under ERISA based on allegations in plaintiffs' complaint when ruling on defendants' motion to dismiss); *see also Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 343 (4th Cir. 2007) (finding that ERISA preempted the claims against a defendant who denied it was an ERISA fiduciary because plaintiff conceded that its state law claims would be preempted if defendant admitted its fiduciary status). Further, Gateway specifically alleges that ACS was an ERISA fiduciary to the Plan, and the Court is free to accept these allegations as true for purposes of ruling on ACS's motion to dismiss. Ironically, Gateway repeatedly makes suggestions to the effect that "If ACS was a fiduciary, then this case is governed by ERISA," thereby conceding that Gateway's state law claims are preempted if ACS was a fiduciary to the Plan. (Response, at pp. 1, 4, 5.) Thus, solely for the purposes of this litigation, ACS concedes that it was an ERISA fiduciary with respect to the administration of benefits under the Plan.

In addition to this limited concession that it was an ERISA fiduciary to the Plan, ACS maintains that the facts alleged in the Complaint demonstrate that Gateway's state law claims are preempted by ERISA. This entire lawsuit is based on ACS's administration of benefits under the Plan – an ERISA covered employee welfare benefit plan. Compl., ¶¶5, 35, 39, 42, 46. Unlike the conduct at issue in *Thrift Drug v. Universal Prescription Adm'rs*, 131 F. 3d 95 (2d Cir. 1997) relied upon erroneously by Gateway, the conduct at issue in this case clearly relates to the *administration* of claims under the Plan; *i.e.,* the payment of claims by a fiduciary to Plan participants. In *Thrift Drug*, the Second Circuit found that the plaintiff's contract claim was not preempted because the

2

claim had no effect on employee benefit structures or their administration. *Id.* at 98. *Thrift Drug* is wholly inapposite here.

Gateway specifically alleges that ACS was negligent in "overpaying the Claims" (*i.e.,* a fiduciary paid too much to Plan participants) and was in "breach of the Benefits Contract" by failing to properly administer and regularly pay claims (*i.e.,* a fiduciary failed to administer an employee benefits plan properly). Compl., ¶¶35, 39. Gateway alleges that ACS failed to properly to make eligibility determinations, which resulted in the payment of hundreds of thousands of dollars in claims for individuals not covered by the Plan. Compl., ¶27(a). Gateway also alleges that ACS "failed to debit service provider payments for collection or application of the co-payments *specified in the Plan* to be paid by the member," which resulted in hundreds of thousands of overcharges to Gateway. Compl., ¶27(b) (emphasis added). Clearly, Gateway has asserted its state law claims against ACS based on the services ACS provided while acting as an ERISA fiduciary with respect to the administration of benefits under the Plan. Accordingly, ERISA preempts these claims and they must be dismissed.

### III. Alternative Pleading Does Not Foreclose Preemption of Gateway's State Law Claims.

Gateway also maintains that its state law claims are not preempted because those claims "are pled in the alternative" under FRCP Rule 8(e)(2). Response, at p. 4. Plaintiff misreads the import of Rule 8(e)(2). Simply because Gateway has pled alternative claims for relief does not mean that these claims are not preempted by ERISA. *See, e.g., Tappe v. Alliance Capital Mgmt. L.P.*, 177 F. Supp.2d 176, 188 (S.D.N.Y. 2001) (rejecting plaintiff's argument that ERISA did not preempt his state claims because they were alternatively pled under Rule 8(e)(2)). In determining whether Gateway's state law

3

claims are preempted, the issue is whether the claims "relate to" an employee benefit plan, which they undoubtedly do. *See id.* (stating that whether ERISA preempts the plaintiff's state law claims does not depend on whether he brings an ERISA claim; it depends on whether his claims "relate to" an employer's severance plan). Gateway unequivocally alleges in the Complaint that its state law claims are based upon the same set of operative facts as its ERISA claim, namely ACS's administration of benefits under the Plan. Compl., ¶¶5, 35, 39, 42, 46. Consequently, Gateway's state law claims clearly fall within ERISA's preemptive scope and must be dismissed.

### IV. Gateway's Demand for Jury Trial Should Be Stricken.

Gateway finally argues that it is entitled to a jury trial because it has properly pleaded its state law claims. However, Gateway maintains that its request for a jury trial should not be stricken "until such time that ACS either proves or concedes that this case is wholly governed by ERISA." (Response, at p. 5) As noted above, ACS admits solely for the purposes of this action that it served as an ERISA fiduciary with respect to the administration of benefits under the Plan. Thus, by Gateway's own suggestions in the Response, its state law claims are preempted because ACS has made this limited concession. Accordingly, Gateway is not entitled to a jury trial in this action.

### V. Conclusion.

ACS's motion to dismiss and motion to strike should be granted in their entirety. This case is limited to ERISA claims and there is no basis for a trial by jury.

**Dated February 22, 2008.**

                                    Respectfully submitted,

                                    /s/Kevin Pflug

                                  Kevin Pflug (KP-2416)
                                  PROSKAUER ROSE LLP
                                  One Newark Center
                                  Newark, NJ ▪ 07102-5211
                                  Telephone: (973) 274-3200
                                  Facsimile: (973) 274-3299
                                  E-Mail: kpflug@proskauer.com

                                        —and—

                                  Howard Shapiro
                                  *Admitted pro hac vice*
                                  Michael D. Spencer
                                  *Admitted pro hac vice*
                                  PROSKAUER ROSE LLP
                                  909 Poydras Street, Suite 1100
                                  New Orleans, Louisiana 70112
                                  Telephone: (504) 310-4088
                                  Facsimile: (504) 310-2022
                                  E-Mail: hshapiro@proskauer.com
                                  E-Mail: mspencer@proskauer.com

                                  *Counsel for ACS Commercial Solutions, Inc.*