UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :

GATEWAY, INC., and GATEWAY
COMPANIES, INC.,                                        :      07 Civ. 6732 (CM)(DF)

                        Plaintiffs,          :      **ORDER**

        -against-                                   :

ACS COMMERCIAL SOLUTIONS, INC.,            :

                        Defendant.      :
------------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       This Court having been requested by the Honorable Colleen McMahon, U.S.D.J., to issue a report and recommendation on, *inter alia,* a motion by plaintiffs Gateway, Inc., and Gateway Companies, Inc. (collectively, "Gateway") seeking sanctions against defendant ACS Commercial Solutions, Inc. ("ACS") and its counsel for failing to disclose certain material in discovery (specifically, material referred to in the motion as the "Notes Database"); and this Court having reviewed the parties' submissions on this motion and having found certain matters to be unclear or not fully addressed; it is hereby ORDERED that, no later than 30 days from the date of this Order, the parties are directed to supplement their submissions to the Court, as follows:

      1.     Gateway is directed to submit:

          a.     to the extent not already submitted, (i) a copy of each formal discovery demand that it served on ACS pursuant to Fed. R. Civ. P. 33 or 34 that fairly called for the identification and/or production of documents containing claim processor notes, with

the relevant requests specifically identified, by number, for the Court, (ii) proof of the date of service of each such discovery demand, and (iii) a copy of ACS's response.

        b.       a sworn affidavit or declaration under penalty of perjury from Gateway's expert, C. Todd Hill, setting forth and explaining the anticipated amount of time and associated fees and costs that Mr. Hill would require to revise his expert report, solely for the purpose of re-evaluating and modifying its contents in light of the Notes Database, should such revision be needed. This affidavit or declaration should also explain any steps that could be taken to segregate this work from any review and modification of the report undertaken for any other reasons, unrelated to the belated production of the Notes Database.

        c.       a response (which may be in the form of a short letter to the Court) to ACS's argument that the Court's prior ruling on the subject of ERISA preemption (Dkt. 26) bars Gateway from asserting the contract claim that Gateway now contends should be permitted as a remedy for ACS's alleged discovery violations.

2.       ACS is directed to submit:

        a.       one or more sworn affidavits or declarations under penalty of perjury from a person or persons with knowledge, setting forth (i) the steps taken by ACS to locate claim processor notes in response to any discovery request(s) by Gateway that, in ACS's view, fairly called for the production of such notes, (ii) when those steps were taken and by whom, (iii) the date when the Notes Database was first identified as a source of information that would be provided to ACS's expert, Philip A. Tremonti and/or to

TMDG, L.L.C. ("TMDG") (the accounting firm retained by Mr. Tremonti in connection with his work on this matter), for review, (iv) who at ACS was involved in the decision to provide Mr. Tremonti and/or TMDG with the database, (v) whether any of the individuals who were involved in the decision to provide Mr. Tremonti and/or TMDG with the database had also been involved in responding to Gateway's discovery requests, and (vi) the date when ACS's counsel first became aware of the existence of the Notes Database.

      b.      other than the contents of the Notes Database itself, copies of all documents specifically referring or relating to that database that were considered by Mr. Tremonti or TMDG in forming the opinions contained in their expert reports. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). This includes all documents on the subject of the Notes Database that were provided to and reviewed by Mr. Tremonti or TMDG, including communications from ACS or its counsel, whether or not ultimately relied upon by Mr. Tremonti or TMDG in preparing their reports. *See, e.g., American Steamship Owners Mutual Protection and Indemnity Ass'n, Inc. v. Alcoa Steamship Co., Inc., et al.,* No. 04 Civ. 4309 (LAK)(JCF), 2006 U.S. Dist. LEXIS 3078, at *8-9 (S.D.N.Y. Jan. 26, 2006) (finding that "neither the attorney-client privilege nor the work product doctrine protect from disclosure materials considered by [the testifying expert]"); *Aniero Concrete Co., Inc., et al. v. New York City School Construction Authority, et al.,* No. 94 Civ. 9111 (CSH)(FM), 2002 U.S. Dist. LEXIS 2892, at *10 (S.D.N.Y. Feb. 22, 2002) (noting that "[m]ost courts interpreting the Rule 26(a)(2)(B) requirement that documents be 'considered' by a testifying expert before they must be disclosed have concluded that the

term extends not just to the documents relied on by an expert, but also to any documents that were provided to and reviewed by the expert" (internal quotations and citations omitted)).

Once the Court has received and reviewed these additional submissions from the parties, it will determine whether oral argument or an evidentiary hearing on this motion should be held.

Dated: New York, New York
April 17, 2009

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

all counsel (via ECF)